IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TERRY C. BRADLEY, | ) | |
| | ) | Civil Action No. 7:19CV00320 |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | By: Hon. Glen E. Conrad |
| L.L. SNIDOW, et al., | ) | Senior United States District Judge |
| | ) | |
| Defendants. | ) | |

Terry C. Bradley, proceeding pro se, commenced this action by filing a form complaint for violation of civil rights against seven individual defendants. The plaintiff has not paid the filing fee but will be granted leave to proceed in forma pauperis for purposes of initial review of her complaint. For the following reasons, the court concludes that the case must be dismissed for failure to state a claim and for lack of subject matter jurisdiction, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 12(h)(3).

## Background

The following facts are taken from the complaint, the exhibits attached thereto, and public records of state court proceedings related to the case. See Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 166 (4th Cir. 2016) (noting that the court may consider exhibits to a complaint in assessing its sufficiency); Philips v. Pitt Cty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (observing that courts may take judicial notice of matters of public record when reviewing a complaint).

In 2001, Bradley worked in the bookstore at Virginia Polytechnic Institute and State University ("Virginia Tech"). On October 22, 2001, the director of the bookstore contacted the Virginia Tech Police Department and reported that Bradley had admitted to taking money from the

store by crediting merchandise returns to her personal check card. Sergeant L.L. Snidow responded to the call. After meeting with bookstore employees and reviewing evidence of the fraudulent transactions, Snidow "allegedly" obtained an arrest warrant charging Bradley with embezzlement, in violation of Virginia Code § 18.2-111. Comp. 7, Dkt. No. 2; see also Virginia Tech Police Department Confidential Supplement, Dkt. No. 2-1 at 9. Officer F.M. Miano executed the "alleged" arrest warrant at a magistrate's office on October 26. 2001. Compl. 7. Bradley was released on an unsecured bond.

Curtis Schwab, an Assistant Commonwealth's Attorney in Montgomery County, prosecuted the case against Bradley. On January 23, 2002, a grand jury returned an indictment charging Bradley with embezzlement. Bradley entered a plea of guilty on March 8, 2002. Montgomery County Circuit Court Judge Ray Grubbs subsequently imposed a three-year suspended sentence, five years of probation, 100 hours of community service, restitution totaling $4,304.78, and a fine and fees totaling $855.00. Bradley signed a form acknowledging her conditions of probation on March 18, 2002. At the time of her guilty plea and sentencing, Bradley was represented by Frederick Kellerman.

Approximately fifteen years later, Bradley applied for a job with a public school system in North Carolina. A background check revealed that Bradley had a prior felony conviction for embezzlement. As a result of the conviction, the school system declined to hire Bradley.

Bradley then requested copies of the records from her criminal case in Montgomery County. In December of 2017, Bradley filed a petition requesting expungement of the records related to the embezzlement charge. See Va. Code 19.2-392.2 (providing for potential expungement if a person is "acquitted" of a charge "or the charge is otherwise dismissed"). Assistant Commonwealth's Attorney Patrick Jensen filed an objection to the petition. Montgomery County Circuit Court Judge Robert M. D. Turk denied the petition on April 5, 2018.

A subsequent petition for appeal was denied by the Supreme Court of Virginia on February 4, 2019.

On April 19, 2019, Bradley filed the instant action under 42 U.S.C. § 1983 against Snidow, Miano, Schwab, Judge Grubbs, Kellerman, Jensen, and Judge Turk. In her form complaint, Bradley alleges that the warrant for her arrest was invalid and that certain defendants improperly relied upon an unsigned copy of a plea agreement between Bradley and the Commonwealth's Attorney of Montgomery County. Bradley claims that "all of the defendants listed within took actions under color of law, resulting in the violation of the plaintiff's constitutional rights and deprivation of equal protection, whether acting in concert or independently." Compl. 9. More specifically, Bradley indicates that she is asserting claims of false arrest, malicious prosecution, false imprisonment, and denial of equal protection. Id. at 3. She seeks to recover monetary damages in the amount of $61,000,000, and "requests an order granting expungement" of the records related to her felony conviction. Id. at 10.

## Standard of Review

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a mandatory duty to screen initial filings. Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th Cir. 2006). The court must dismiss a case "at any time" if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). Thus, in reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiffs. Philips, 572 F.3d at 180. To survive dismissal for failure to state a claim, a complaint must contain sufficient factual allegations

3

"to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

Additionally, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, the court "must dismiss" an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court." Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004).

## Discussion

As indicated above, Bradley filed a form complaint designated for pro se plaintiffs who wish to pursue a claim under 42 U.S.C. § 1983. Section 1983 provides a cause of action against any person who, under color of state law, causes the deprivation of another person's rights under the Constitution or laws of the United States. 42 U.S.C. § 1983. For the following reasons, the court concludes that the plaintiff's complaint fails to state a plausible claim under § 1983 against any of the named defendants.

### I.      Claims of False Arrest, False Imprisonment, and Malicious Prosecution

Turning first to the plaintiff's claims of false arrest and false imprisonment, the United States Court of Appeals for the Fourth Circuit has explained that such claims "are essentially claims alleging a seizure of the person in violation of the Fourth Amendment." Rogers v. Pendleton, 249 F.3d 279, 294 (4th Cir. 2001). "The Fourth Amendment prohibits law enforcement officers from making unreasonable seizures, and the seizure of an individual effected without probable cause is unreasonable." Brooks v. City of Winston-Salem, 85 F.3d 178, 183 (4th Cir. 1996) (citing Graham v. Connor, 490 U.S. 386, 396–97 (1989)). Thus, to state a claim for false arrest or imprisonment under § 1983, a plaintiff must demonstrate that she was arrested without probable cause to believe that a crime had been or was being committed. Sowers v. City

4

of Charlotte, 659 F. App'x 738, 739 (4th Cir. 2016) (citing Street v. Surdyka, 492 F.2d 368, 372–73 (4th Cir. 1974)).

In this case, the plaintiff does not assert, much less plausibly demonstrate, that she was arrested without probable cause. Instead, Bradley claims that her arrest was not made pursuant to a valid arrest warrant. As indicated above, however, "[t]he Fourth Amendment prohibits 'unreasonable searches and seizures,' not warrantless ones." Graves v. Mahoning Cnty., 821 F.3d 772, 775 (6th Cir. 2016) (internal citations omitted). Consequently, the plaintiff "may not prevail merely by showing that [she was] arrested with a defective warrant; [she] must show that [she was] unreasonably seized." Id. (emphasis in original). Without facts demonstrating that the plaintiff was arrested without probable cause, the plaintiff "cannot state a Fourth Amendment § 1983 claim against anyone." Id. at 776; see also Robinson v. City of South Charleston, 662 F. App'x 216, 221 (4th Cir. 2016) (noting that "probable cause is sufficient to justify a public arrest under the Fourth Amendment, regardless of the validity of the arrest warrants obtained by the officers or any deficiencies in the affidavits supporting them") (citing Graves, supra). For these reasons, the court concludes that the complaint fails to state a plausible claim of false arrest or imprisonment.

The court likewise concludes that Bradley's complaint fails to state a viable malicious prosecution claim. "A claim of malicious prosecution under § 1983 is a claim 'founded on a Fourth Amendment seizure that incorporates elements of the analogous common law tort of malicious prosecution.'" Smith v. Munday, 848 F.3d 248, 252–53 (4th Cir. 2017) (quoting Lambert v. Williams, 223 F.3d 257, 262 (4th Cir. 2000)). "To state such a Fourth Amendment claim, '[the Fourth Circuit] has required that [1] the defendant seized plaintiff pursuant to legal process that was not supported by probable cause and [2] that the criminal proceedings have terminated in plaintiff's favor.'" Massey v. Ojaniit, 759 F.3d 343, 356 (4th Cir. 2014) (quoting

5

Durham v. Horner, 690 F.3d 183, 188 (4th Cir. 2012)). In this case, the complaint fails to establish either element. Bradley does not allege that she was arrested without probable cause, and it is clear from the record that the criminal proceedings in Montgomery County did not end in her favor. Accordingly, the malicious prosecution claim must be dismissed.

## II.    Equal Protection Claim

Bradley also asserts in conclusory fashion that she was denied equal protection under the law. Such assertion is insufficient to state a plausible claim for relief. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (quoting Twombly, 550 U.S. at 555, 557).

## III.    Claims for Damages Against Prosecutors and Judges

Bradley's claims for damages against Schwab, Jensen, Judge Grubbs, and Judge Turk are also subject to dismissal on other grounds. The doctrine of prosecutorial immunity bars the claims against Schwab and Jensen since they were acting as advocates for the Commonwealth at all times relevant to the instant action. See Savage v. Maryland, 896 F.3d 260, 268 (4th Cir. 2018) ("In Imbler v. Pachtman, 424 U.S. 409, 430–32 (1976), the Supreme Court held that prosecutors are absolutely immune from damages liability when they act as advocates for the State."). The court likewise concludes that Judge Grubbs and Judge Turk are immune from damages liability for the actions taken in their judicial capacities. See Mireles v. Waco, 502 U.S. 9, 11 (1991) (discussing judicial immunity and explaining that it "is not overcome by allegations of bad faith or malice").

## IV.    Request for Order Granting Expungement

Finally, the court notes that expungement of state criminal records "must be sought through the state court system." Dennis v. Nat'l Railroad Passenger Corp., 34 F. App'x 950 (4th

6

Cir. 2002). To the extent that Bradley seeks review of the denial of her petition for expungement, the court is barred from doing so under the Rooker-Feldman doctrine.* This doctrine "prohibits the United States District Courts, with the exception of habeas corpus actions, from 'sitting in direct review of state court decisions.'" Jordahl v. Democratic Party of Va., 122 F.3d 192, 199 (4th Cir. 1997) (quoting D.C. Court of Appeals v. Feldman, 460 U.S. 462, 483 n.16 (1983)). Accordingly, this court is "precluded from exercising appellate jurisdiction" over the decisions rendered by the Montgomery County Circuit Court and the Supreme Court of Virginia. See Thana v. Bd. of License Comm'rs for Charles Cty., 827 F.3d 314, 318–19 (4th Cir. 2016).

## Conclusion

For the reasons stated, the court will grant the plaintiff's motion for leave to proceed in forma pauperis. However, her complaint will be dismissed without prejudice pursuant to § 1915(e)(2)(B)(ii) and Rule 12(h)(3).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

DATED: This 24ᵗʰ day of April, 2019.

_____
Senior United States District Judge

---

* The Rooker-Feldman doctrine is named after two Supreme Court cases, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).